**RAJ V. ABHYANKER**, California SBN 233,284
raj@legalforcelaw.com
**BATKHAND ZOLJARGAL**, California SBN 262,918
zola@legalforcelaw.com
**LEGALFORCE RAPC WORLDWIDE**
1580 W. El Camino Real, Suite 10
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C.,
LegalForce Inc., and Raj V. Abhyanker

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| 1. LEGALFORCE RAPC WORLDWIDE, P.C.;<br>2. LEGALFORCE INC.; and<br>3. RAJ V. ABHYANKER,<br><br>Plaintiffs,<br><br>v.<br><br>1. FILEMY LLC.;<br>2. LIEL HOLLANDER; AND<br>3. HOLLANDER LAW, P.C.,<br><br>Defendants;<br><br>AND DOES 1-50. | Case No. 5:17-cv-7331<br><br>**COMPLAINT FOR:**<br><br>1. FEDERAL UNFAIR COMPETITION;<br>2. CALIFORNIA UNFAIR COMPETITION;<br>3. CALIFORNIA FALSE AND MISLEADING ADVERTISING;<br>4. PROFESSIONAL NEGLIGENCE; AND<br>5. BREACH OF FIDUCIARY DUTIES.<br><br>**Unlimited Civil Jurisdiction** |

|  | **JURY TRIAL DEMANDED** |
|---|---|

1.   Plaintiffs LegalForce RAPC Worldwide, P.C., LegalForce, Inc., and Raj V. Abhyanker (jointly, "LegalForce" or "Plaintiffs") submit the following complaint (the "Complaint") against FileMy LLC ("Legal-Sherpa.com"), and its covert principal owner attorney Liel Hollander ("Hollander"), and Hollander Law, P.C., a law firm in which Hollander is simultaneously an equity Shareholder (collectively referred to as "Defendants" or "Legal-Sherpa.com Entities").

## **NATURE OF ACTION**

2.   This Complaint is brought by Plaintiffs to expose the willful, reckless and systematic acts of unauthorized practice of law and unfair competition by Legal-Sherpa.com Entities with respect to preparation and filing of trademark applications before the United States Patent & Trademark Office ("USPTO"). Through its acts of preparing and filing trademarks, Legal-Sherpa.com Entities harm the  "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers. The Plaintiffs ask Legal-Sherpa.com Entities be enjoined from and pay damages for its unauthorized practice of law, false advertising, unfair

competition and other claims with respect to preparation and filing of trademark applications before the USPTO.

## THE PARTIES

### The Plaintiffs

3.  Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC Worldwide") is a law firm wholly owned by Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

4.  Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.

5.  Plaintiff Raj Abhyanker is a California licensed attorney practicing patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.  Plaintiff Raj Abhyanker is a winner of the 2013 Legal Rebel

award by the American Bar Association.

**The Defendants**

6. FileMy LLC is a New York corporation ("Legal-Sherpa.com") with a principal place of business at 1 Welwyn Rd #143 Great Neck, New York 11021, and a corporate address for service at 100 S. Middle Neck Road #206, Great Neck, New York 11021 (**Exhibit S**). FileMy LLC is not a law firm in the United States and is not authorized to practice law in any state. FileMy LLC is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

7. Defendant Liel Hollander ("Hollander") is a covert owner of FileMy LLC, and a licensed New York patent attorney, having a principal place of business at 10 Bond Street, Suite 420, Great Neck, New York 11021.

8. Defendant Hollander Law, P.C. is professional law firm corporation in New York in which Hollander is a Shareholder having a principal place of business at 10 Bond Street, Suite 420, Great Neck, New York 11021.

9. DOES 1-50 are entities that participated in the transactions complained of herein in ways which are unknown to Plaintiffs. The true names, capacities, nature, and extent of participation in the alleged activities by DOES 1-50, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true

names and capacities when ascertained.

## BACKGROUND OF THE PARTIES

10.  Plaintiff LegalForce RAPC Worldwide is a law firm wholly owned by Plaintiff Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

11.  The website Trademarkia.com was created by the law firm of LegalForce RAPC Worldwide in 2009 but was spun off into a separate entity.   Plaintiff LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO.

12.  LegalForce RAPC Worldwide employs, full time, more than ten (10) U.S. licensed trademark attorneys in its California and Arizona offices who substantially limit their practice to trademark law before the USPTO, and who are supported by legal support staff globally including in India, China, Poland, the United Kingdom and South Africa.   LegalForce RAPC Worldwide represents more than 10,000 clients from all over the United States and world, including over a thousand clients from the State of California, hundreds of clients in the State of Arizona, and over a thousand clients the State of New

York.

13.   LegalForce RAPC Worldwide is the largest law firm filer of trademarks before the USPTO in each of the last five years.  The firm maintains interest on Lawyer Trust Account (IOLTA) trust accounts for all client funds, conducts robust conflict checks, and currently employs two former USPTO trademark examining attorneys.  It has never been disciplined by the USPTO, the State Bar of California, the State Bar of Arizona, or the State Bar of New York.   At least two of its former attorneys are currently hired as USPTO trademark examining attorneys after leaving LegalForce RAPC, and a number of its former associate attorneys or legal assistants have been hired in trademark and IP departments of leading Big Law IP firms including Orrick, Perkins Coie, Pillsbury Winthrop, DLA Piper, and Wilson Sonsini Goodrich & Rosati as well as in legal departments at leading technology companies, including Google, Inc., Facebook, Inc., and Apple, Inc.

14.   Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.  The Chief Executive Officer (CEO) and co-founder of Plaintiff LegalForce, Inc. is Plaintiff Raj Abhyanker.  Plaintiff LegalForce, Inc. makes no revenue from preparation and filing on U.S.

trademark applications.    It receives a flat monthly technology licensing revenue from Plaintiff LegalForce RAPC Worldwide independent of the legal services revenue secured by the firm LegalForce RAPC Worldwide through the Trademarkia.com website.

15.    Plaintiff Raj Abhyanker is a California licensed attorney practicing patent & trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.    In 2013, he was named an American Bar Association Journal "Legal Rebel," an "annual honors program for the change leaders of the legal profession"[1] and a member of the Fastcase 50, an annual award that "recognizes 50 of the smartest, most courageous innovators, techies, visionaries, and leaders in the law."[2]

16.    FileMy LLC is a New York corporation ("Legal-Sherpa.com") with a principal place of business at 1 Welwyn Rd #143 Great Neck, New York 11021, and a corporate address for service at 100 S. Middle Neck Road #206, Great Neck, New York 11021 (**Exhibit S**).    FileMy LLC is not a law firm in the United States and is not authorized to practice law in any state.  FileMy LLC is not a registered or bonded legal document assistant under California Business

---

[1] http://www.abajournal.com/magazine/article/2013_legal_rebels_a_banner_year
[2] http://www.fastcase.com/fastcase50-winners-2013.

and Professions Code, sections §6400 et seq.

17. Defendant Liel Hollander ("Hollander") is a covert owner of FileMy LLC, and a licensed New York patent attorney (NY License No. 4707279, Patent Bar Reg. #69,125), having a principal place of business at 10 Bond Street, Suite 420, Great Neck, New York 11021.  Hollander is a covert owner because he is not listed as an owner of FileMy LLC anywhere on the Legal-Sherpa.com website including the About Us page (**Exhibit E**), on Hollander's LinkedIn profile (**Exhibit G-1**), Hollander's RocketLawyer profile (**Exhibit G-2**), on Legal-Sherpa's Blog site (**Exhibit K**), or his Hollander Law profile (**Exhibit M**).  However, Hollander is listed as a principal of FileMy, LLC on the rejected trademark for the name mark "Legal Sherpa" (**Exhibit N-1**), and as the Founder/CEO on the Crunchbase page for Legal-Sherpa.com (**Exhibit N-2**).

18. Defendant Hollander Law, P.C. is professional law firm corporation in New York in which Hollander is a Shareholder having a principal place of business at  10 Bond Street, Suite 420, Great Neck, New York 11021.

19. Upon reason and belief, the law firm Hollander Law, P.C. does not conduct conflict checks for customers said they would provide legal advice by non-attorneys employed by shareholder Hollander through his separately owned by FileMy LLC.

## JURISDICTION AND VENUE

20.   This Complaint arises under the laws of the United States, 15 U.S.C. §1125 *et seq.*  This Court has original jurisdiction of this action under 28 U.S.C. §1331 because at least some of the claims alleged herein arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claims because such claims are so related as to form part of the same case or controversy.  Moreover, Plaintiffs have standing to their California state claims under the California Business and Professions Code in accordance to California appellate case law in *Higbee v. Expungement Assistance Services*.[3]

21.   This Court has personal jurisdiction over Legal-Sherpa.com Entities because the defendants solicit, transact and does business in California and this District via its website and at least one toll-free telephone number, a substantial part of the wrongful acts or omissions complained of herein occurred in this District, and the Defendants are subject to personal jurisdiction in this District. Legal-Sherpa.com Entities purposefully directed its activities toward this District when it willfully and specifically targeted consumers here and a substantial part of the harm was felt in this District.

22.   Venue is proper in the United States District Court for the Northern

---

[3] **214 Cal. App. 4th 544 \*; 153 Cal. Rptr. 3d 865 \*\*; 2013 Cal. App**, in which the court concluded that the attorney alleged an identifiable trifle of injury sufficient to withstand a demurrer. The attorney alleged that he suffered losses in revenue and asset value and was required to pay increased advertising costs specifically because of the provider's unlawful business practices. To have standing under the UCL, the attorney was not required to have engaged in business dealings with the provider. The court saw no reason why the alleged violation of statutes concerning the unauthorized practice of law could not serve as a predicate for the attorney's UCL action. According to the attorney, the provider's unlawful business practices had taken customers away from him.

District of California under 28 U.S.C. §§ 1391 (b) and (c).

## HARM TO PUBLIC INTEREST

23. Through its acts of preparing and filing trademarks, Legal-Sherpa.com Entities harm the "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

24. Since FileMy LLC is not a "law firm", then it is necessarily a non-lawyer that operates beyond the reach of protections built into the legal profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from FileMy LLC than from Plaintiff.

## ETHICS RULES RELEVANT TO ALL CLAIMS

I. USPTO'S DEFINITION OF UNAUTHORIZED PRACTICE OF LAW FOR TRADEMARK MATTERS BEFORE THE USPTO.

25.   Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document (**Exhibit A**).

26.   Preparing or prosecuting an application, response, post-registration maintenance document, or other related document (**Exhibit A**).

II.  USPTO'S DEFINITION OF LEGAL ADVICE FOR TRADEMARK

MATTERS BEFORE THE USPTO.

27.  Conducting pre-filing searches for potentially conflicting trademarks (**Exhibit B**).

28.  Analyzing or pre-approving documents before filing  (**Exhibit B**).

29.  Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services  (**Exhibit B**).

III.  APPLICABLE RULES AND REGULATIONS ON THE PRACTICE OF LAW BEFORE THE USPTO.

USPTO RULES

30. **37 CFR §11.503 – Duty to supervise non-lawyers.**  With respect to a non-practitioner assistant employed or retained by or associated with a practitioner: (b) A practitioner having direct supervisory authority over the non-practitioner assistant shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the practitioner; and (c) A practitioner shall be responsible for conduct of such a person that would be a violation of the USPTO Rules of Professional Conduct if engaged in by a practitioner if: (1) The practitioner orders or, with the knowledge of the specific conduct, ratifies the conduct involved.

31. **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal

profession in that jurisdiction, or assist another in doing so.

32. **37 CFR §11.107 – Conflict of interest.**    (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

33. **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

34. **37 CFR §11.18 – Signature and certification for correspondence filed in the Office.** (a) For all documents filed in the Office in patent, trademark, and other non-patent matters, and all documents filed with a hearing officer in a disciplinary proceeding, except for correspondence that is required to be signed by the applicant or party, each piece of correspondence filed by a practitioner in

the Office must bear a signature, personally signed or inserted by such practitioner, in compliance with § 1.4(d) or § 2.193(a) of this chapter.

35. There are other counterpart state court rules in before the California State Bar and State Bar of New York, not reprinted here, with largely similar restrictions.

///

CALIFORNIA CIVIL CODE

36. **California Business and Profession §6125 – Unlawful Practice of Law.** No person shall practice law in California unless the person is an active member of the State Bar.

IV.  LEGAL-SHERPA.COM ENTITIES VIOLATE UNAUTHORIZED PRACTICE OF LAW RULES OF THE USPTO AND PROVIDES LEGAL ADVICE TO CUSTOMERS FOR UNITED STATES TRADEMARKS.

37. Plaintiffs requested the filing of a trademark application through the Legal-Sherpa.com website.   Email addresses of raj@legalforcelaw.com for customer RAJ ABHYANKER was used.

38. A real trademark related to business of Plaintiffs was used for EVEREST CLAY REALTORS was applied for federal registration through the Legal-Sherpa.com website (Order Confirmation 195425989).   Everest Clay Realtors is trade name of a real estate brokerage and investment firm started by

Plaintiff Raj Abhyanker.[4]   The conversations with Legal-Sherpa.com's non-attorney Trademark Document Specialists were audio recorded.   Both New York and Arizona (from where calls were made) are one party recording states, as is federal law for interstate calls.   A transcripts of these recordings are found in **Exhibit D**.

39.   For the prospective trademark, EVEREST CLAY REALTORS, Legal-Sherpa.com said they would provide legal advice to Plaintiffs by suggesting that non-attorneys would select classification and modifying the goods and services description from the template thereby applying specific law to facts (**Exhibit D**).

40.Legal-Sherpa.com sent an email to Plaintiff Abhyanker on December 5, 2017 saying that "Please remember that our standard processing time is an average of three to five (3-5) Business Day processing time, unless you have expedited your order."   (**Exhibit P**).  Despite that, after eleven (11) days, more than double the "standard processing time", Plaintiff emailed Legal-Sherpa.com for an update.   No response was received.   Then, more than two weeks after the Plaintiff Abhyanker placed the trademark filing request and no phone call or update, Legal-Sherpa.com admitted on a phone call that they had not even completed work on the Plaintiff's trademark application and refunded the Plaintiff Abhyanker his $358.99.

---

[4] Plaintiff Raj Abhyanker is also a licensed California Real Estate Broker.

41. Upon reason and belief, Legal-Sherpa.com chose, intentionally, to hide its process from the Plaintiff Abhyanker fearing that it would be caught in the unauthorized practice of law.

42. Although Legal-Sherpa.com represents on its website that it does not practice law, this representation is false and/or misleading based on their own admissions in **Exhibit D**. Legal-Sherpa.com collects both its services fee for a non-attorney filing and $275 in government fees in advance of filing based on their own admissions in **Exhibit D**. Moreover, after a trademark filing request is made on the Legal-Sherpa.com website, Legal-Sherpa.com practices law per the USPTO definition in critical steps in which classification of trademarks are determined, the description of goods and services are adjusted, and search results are reviewed with customers.

43. Legal-Sherpa.com admits this on the recorded audio conversation where agent admits that Legal-Sherpa.com non-attorney agents select classification for trademarks, modify goods/services for trademarks, review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

44. Legal-Sherpa.com violates a number of clear boundaries for practice of law, including:

    a. **Consulting with or giving advice to an applicant or registrant in**

**contemplation of filing a trademark application or application-related document and Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services. (Exhibits A and B)**

    i.    Legal-Sherpa.com admits this on the recorded audio conversation where agent admits that Legal-Sherpa.com non-attorney agents select classification for trademarks, modify goods/services for trademarks, review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

    ii.    In addition, upon reason and belief, Legal-Sherpa.com practices law when signs the USPTO form to proceed with the filing.  Moreover, upon reason and belief, Legal-Sherpa.com unilaterally waives each customer's right to privacy by having non-attorney staff sign off rights while paying government fees by check box clicking off the following on the USPTO government fee form shown in **Exhibit W** including : (1) Waiving each customer's right to cancel the filing or refund the government fee paid on their behalf;  (2) Waiving right to confidentiality of name, phone number, e-mail address, and street address of each customer with respect to their trademarks; and  (3) Representing to the federal government, without checking with each customer that they

provide the authority to grant, and is granting, the USPTO permission to make the information available in its on-line database and in copies of the application or registration record (**Exhibit W**).

b.      **Preparing or prosecuting an application, response, post-registration maintenance document, or other related document (Exhibit A).**

i.      Legal-Sherpa.com admits this on the recorded audio conversation where agent admits that Legal-Sherpa.com non-attorney agents select classification for trademarks, modify goods/services for trademarks, review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

c.      **Conducting pre-filing searches for potentially conflicting trademarks (Exhibit B).**

i.      Legal-Sherpa.com admits this on the recorded audio conversation where agent admits that Legal-Sherpa.com non-attorney agents select classification for trademarks, modify goods/services for trademarks, review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

d.      **Analyzing or pre-approving documents before filing (Exhibit B).**

i. Legal-Sherpa.com admits this on the recorded audio conversation where agent admits that Legal-Sherpa.com non-attorney agents select classification for trademarks, modify goods/services for trademarks, review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

45. Upon reason and belief, Legal-Sherpa.com performs the "Modification Step" to ensure that it does not file ineffectual trademark applications that are highly likely to get rejected by the USPTO. It seems, upon reason and belief, Legal-Sherpa.com's non-lawyer staff are not well trained to provide this legal advice.

46. Upon reason and belief, after Legal-Sherpa.com's Trademark Document Specialists provide critical legal advice during this Modification Step, the mark proceeds to the "trademark search" phase. This "trademark search" phase is again performed non-lawyer staff without review by licensed attorneys in violation of the USPTO's practice of law definition in **Exhibits A and B**. After the search is delivered by non-attorney staff to the customer (**Exhibit D**), the phone support of Legal-Sherpa.com in the post trademark search step provide legal advice by advising customers by giving them advice as to which specific trademarks in the search report are more likely to block a registration upon reason and belief.

47. After the customer approves the search report, Legal-Sherpa.com enters the customer's information directly into the USPTO website and requests a link from the USPTO to the signature form using an internal Legal-Sherpa.com non-attorney staff's email ID, upon reason and belief (**Exhibit F**).

48. Upon reason and belief, Legal-Sherpa.com signs the USPTO link approving the trademark using non-attorney staff based on the partial customer's approval on the Legal-Sherpa.com website.   Upon reason and belief, the reason that the approval is partial is because the Legal-Sherpa.com website does not ask the customer to waive their privacy protections.   Upon reason and belief, Legal-Sherpa.com unilaterally waives privacy protections and underlying copyright publication rights to the USPTO.

49. Specifically, Legal-Sherpa.com's non-lawyer staff again go to a different USPTO link emailed to Legal-Sherpa.com by the USPTO which expressly waives each customer's right to privacy and has Legal-Sherpa.com attest that Legal-Sherpa.com has the authority to grant the USPTO permission to make information submitted available on its online database regardless of the underlying copyrights upon reason and belief (**Exhibit W**).   On this same form, Legal-Sherpa.com pays the government fee to the USPTO on its own Legal-Sherpa.com credit card and/or deposit account with the USPTO upon reason and belief.  Upon reason and belief, Legal-Sherpa.com does not refund

$50 of the collected $275 government fee collected through its website if the non-lawyer staff at Legal-Sherpa.com determine that the trademark qualifies as a TEAS Plus application with the lower filing fee of $225.

50. Moreover, upon reason and belief, Legal-Sherpa.com maintains no client trust account (IOLTA account) for trademark matters, uses non-lawyer assistants to evaluate specimens of use in commerce for authenticity, and performs no conflict checks against other customers.

51. In contrast, as a law firm, Plaintiff LegalForce RAPC Worldwide and its licensed attorneys must conduct conflict checks with existing clients prior to taking on representation of prospective clients.[5]  It must place client funds in an IOLTA trust account prior to work being started.[6]  It must hire U.S. licensed attorneys to counsel clients on trademark classification selection, modifying description of goods and services, and reviewing specimens provided by its clients for completeness and applicability to the selected classification.[7]

52. If Plaintiff LegalForce RAPC Worldwide and its licensed attorneys were

---

[5] **37 CFR §11.107 – Conflict of interest.**   (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

[6] **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

[7] **California Business and Profession §6125 – Unlawful Practice of Law**.  No person shall practice law in California unless the person is an active member of the State Bar.  **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

to adopt a similar model as Legal-Sherpa.com, it is very likely that the firm and its licensed attorneys would be disbarred and/or excluded from practicing law by the USPTO, any state in which they are licensed by a State Bar.

53. This is a real threat.   Recently, Matthew Swyers ("Swyers"), a former USPTO trademark examining attorney in private practice and founder of The Trademark Company, was excluded for practice by the USPTO for the conduct similar to Legal-Sherpa.com's (**Exhibit H**).   In addition, another attorney Tracy W. Druce ("Druce") was suspended for failure to supervise assistants even though the lawyer did not know of the conduct of his assistants signing documents on his behalf (**Exhibit I**).       Moreover, the USPTO also excluded from practice Leonard Tachner ("Tachner"), who, was a suspended attorney whose corporation prepared and filed trademark applications while he was suspended on the grounds of unauthorized practice of law (**Exhibit J**).

54. Unlike Swyers, Druce, and Tachner, upon reason and belief, the USPTO and State Bars take no similar action against Legal-Sherpa.com Entities. This double standard is a great injustice that harms both attorneys and the public at large.   Attorneys who have spent years going through law school, taking a difficult bar exam, maintaining an IOLTA trust account, and performing conflict checks **cannot** effectively compete against non-law firm competitors like Legal-Sherpa.com on an even playing field.   It also lowers the standard of

service to the public because Legal-Sherpa.com customers rely on the legal advice given by non-attorneys.  For these reasons, an injunction and damages false advertising, unfair competition, malpractice, and other causes of action are sought.

V.  LEGAL-SHERPA.COM ENTITIES' MISLEADING GOOGLE, BING, AND OTHER ONLINE ADVERTISING IS DAMAGING TO PLAINTIFFS' GOODWILL AND MISLEADING TO THE PUBLIC WITH FALSE COMPARISONS TO ATTORNEY LED SERVICES, AS SUCH ACTIONS CAUSING IRREPARABLE HARM TO PLAINTIFFS.

55. Plaintiff LegalForce RAPC Worldwide and Defendant Legal-Sherpa.com are among the largest purchasers of online advertising including on Google and Bing per month for "trademark filing" (**Exhibit T**) and "trademark registration" (**Exhibit U**) related search terms.

56. Upon reason and belief, Legal-Sherpa.com's non-attorney trademark filing service has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by competitively bidding against Plaintiff LegalForce RAPC Worldwide on Google and Bing for the keywords during the year 2017 through deceptive advertising which are predicated on the unauthorized practice of law  (**Exhibit L**).

57. Legal-Sherpa.com is not a law firm or authorized to practice law in any

state.  Moreover, upon reason and belief, Legal-Sherpa.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

58.   Despite not being a law firm and despite not hiring any attorneys representing external clients, Legal-Sherpa.com purchases advertisements whenever consumers search terms related to the practice of trademark law "trademark attorneys", "attorney trademark", "intellectual property attorney" to intentionally deceive its customers into thinking that Legal-Sherpa.com processes are handled by licensed attorneys (**Exhibit O**).

59.   Legal-Sherpa even goes on to further mislead by using words such as calling their service "expert trademark filing" (**Exhibit O**) and further representing that they are the "most professional, secure and Cost-Effective trademark filing service around" (**Exhibit Q**), all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**). Legal-Sherpa further boasts that "Professional trademark filing specialists" will answer their questions, when none of their staff have any professional licensure permitting them to file U.S. trademarks before the USPTO  (**Exhibit Q**).

60.   Legal-Sherpa.com also bids on words  "trademark filing" (**Exhibit T**) and "trademark registration" (**Exhibit U**).  The advertising copy on the landing

pages on which these ads link[8] is highly misleading, leading a consumer to believe that he or she will be represented by a professional and have a "hassle free process", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).     Legal-Sherpa.com een admits practicing law by non-attorneys on these landing page where they admit "LegalSherpa Review for Accuracy Common Errors and Completeness" in their basic $65 package (**Exhibit Q**).     Glaringly, in their $99 package, Legal-Sherpa.com eludes to assisting with the preparation of fraudulent specimens[9] of use when they write that they will assist with "Digitalization and Formatting of Your Trademark Specimen and Designs." (**Exhibit Q**).

61. Moreover, Legal-Sherpa.com falsely implies that it has helped protect brands of famous companies such as LEGO, Amazon, Coca-Cola, Nike, Apple, McDonald's and others, by pasting logos of these brands on their www.legal-sherpa.com home page (**Exhibit C**) under a heading "Just Like Thousands have protected their brand by filing a trademark" misleading potential customers into thinking that Legal-Sherpa.com had something to do with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.

---

[8] https://www.legal-sherpa.com/trademarkoffer1/
[9] Conduct that ultimately led to the exclusion from practice of Matthew H. Swyers, as described in **Exhibit H**.

62. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. Legal-Sherpa.com boasts about eschewing these long standing client protections.  While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, Legal-Sherpa.com's advertising copy is explicitly designed to wrongfully imply that avoiding conflict checks is a benefit to clients.

## CAUSES OF ACTION

### **FIRST CLAIM FOR RELIEF**
**FEDERAL FALSE & MISLEADING ADVERTISING AND UNFAIR COMPETITION IN VIOLATION OF THE FEDERAL TRADE COMMISSION ACT, 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 53 (Against all Defendants and DOES 1-50)**

63. Plaintiffs incorporate herein by reference paragraphs **1-62** above.

64. Through its acts of preparing and filing trademarks, Legal-Sherpa.com harms the  "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

65. Since Legal-Sherpa.com is not a "law firm", then it is necessarily a non-lawyer that operates beyond the reach of protections built into the legal

profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from Legal-Sherpa.com than from Plaintiff.

66. The Plaintiffs are bound to the rules governing the legal profession and USPTO, and that those rules are designed to protect consumers. If it in fact achieves what it sets out to disclaim, Legal-Sherpa.com's disclaimer and terms of use demonstrate that there is some merit to the argument that limiting the practice of law to lawyers benefits consumers by guaranteeing protections built into the legal profession.

67. Consider the following excerpt directly from the home page of Legal-Sherpa.com's website (**Exhibit C**) or on the Terms and Conditions page (**Exhibit V**):

a. "LegalSherpa is a document filing service, not a law firm, and is not a substitute for an attorney or law firm (**Exhibit C**, footer).

b. The information contained on this website is not legal advice, but rather designed to provide general information to non-lawyers on commonly encountered legal issues (**Exhibit C**, footer).

c. Communications between you and LegalSherpa is protected by our privacy policy, however, at no time are communications protected by the attorney-client privilege or by the work product doctrine (**Exhibit C**, footer).

d. LegalSherpa cannot provide legal advice and can only provide self-help services at your specific direction. If you require legal advice, please contact a competent attorney." (**Exhibit C**, footer).

e. LegalSherpa is not a law firm and the employees of LegalSherpa cannot and are not acting as your lawyers. LegalSherpa cannot provide legal advice and may not engage in the practice of law or perform services performed by an attorney. LegalSherpa only provides self-help services at your specific direction. Furthermore, LegalSherpa is not a substitute for the advice of an attorney. The information provided on this website is provided as general information and does not serve as a substitute for legal advice from an attorney (**Exhibit V**).

f. Your use of the LegalSherpa website, or purchase of LegalSherpa services, does not create an attorney-client relationship. Instead, you are representing yourself in any legal matter you undertake (**Exhibit V**).

g. If at any time before your purchase, you believe that LegalSherpa gave you legal advice or legal recommendations regarding your legal rights, you will not proceed with any purchase of LegalSherpa services, and any purchase that you do make will be null and void (**Exhibit V**).

h. We may, but are not authorized to, review the information you provide to us for completeness, inconsistencies or other administerial errors. At no time do

we review your answers for legal sufficiency, draw legal conclusions, provide legal advice, opinions or recommendations about your legal rights, remedies, defenses, options, selection of forms, or strategies, or apply the law to the facts of your particular situation. If you believe you have received any legal services or advice from us, you will not make your purchase (**Exhibit V**).

68. By renouncing the attorney-client relationship and purporting to provide legal information rather than legal advice, Legal-Sherpa.com hopes to achieve two business advantages at the expense of consumers: (1) sidestepping professional responsibilities governing the legal profession and (2) avoiding liability.   Inconsistently, it says "If you believe you have received any legal services or advice from us, you will not make your purchase", despite providing legal advice only after making a purchase on its website (**Exhibit V**).

69. The Plaintiffs' emphasize that Legal-Sherpa.com avoids the responsibilities of law practice by characterizing its services as "self-help" for pro se litigants and maintaining that the website cannot substitute for an attorney, without regard to any understandable assumptions otherwise. Legal-Sherpa.com's employees are trained to disseminate legal "advice." Despite this, if taken at face value, Legal-Sherpa.com's disclaimer and terms of use allow it to operate "free from the confines of ethical rules enforceable upon attorneys.

70.  Plaintiffs further argue that by falling outside the existing regulatory space for legal services—where regulations are designed by and applied to licensed lawyers—Legal-Sherpa.com Entities deny consumers redress that they would otherwise have for faulty legal advice.

71.  For example, communications with the Legal-Sherpa.com's website are protected only by the company's Privacy Policy, not the attorney-client privilege or work product doctrine of Plaintiff LegalForce RAPC Worldwide. Legal-Sherpa.com has no duty of confidentiality, which would otherwise prevent an attorney from revealing information relating to the representation.  Under the existing regulatory structure, Legal-Sherpa.com also operates beyond the reach of comparable disciplinary authorities for charging an unreasonable fee1 or obtaining consent for representing clients with conflicts of interest.

72.  Deceptive advertising is another particularly relevant problem for many customers using Legal-Sherpa.com.  Plaintiffs' argue that if Legal-Sherpa.com were a law firm, its practices would be disciplined by potential violations for communicating false or misleading information about its services.

73.  Moreover, Plaintiffs points out that Legal-Sherpa.com limits its own liability for problems arising from its services in ways impermissible for practicing lawyers.  By operating outside the professional rules, Legal-Sherpa.com bypasses the duties of competence and diligence required of

all lawyers practicing law—duties which, if violated, could give teeth to malpractice actions.   A comprehensive liability limitation clause requires that customers hold Legal-Sherpa.com and its officers, directors, employees, and agents harmless for any indirect, punitive, special, incidental, or consequential damage, except as prohibited by law.   Without a lawyer to fall back on, customers relying on Legal-Sherpa.com may sometimes fail to comply with jurisdiction-specific requirements, resulting in an increase of reliance on lawyers conducting post-mortem fixes to remedy problems.  Though the disclaimer is not guaranteed to waive Legal-Sherpa.com of all liability, it makes it more difficult for clients to avoid shouldering liability for costly errors in legal documentation.

74. The Federal Trade Commission Act prohibits any unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, and declares such acts or practices unlawful.

75. Legal-Sherpa.com is not a law firm in the United States and is not authorized to practice law in any state.  Legal-Sherpa.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

76. The Federal Trade Commission Act prohibits false and misleading advertising and prohibits advertisers like Legal-Sherpa.com from making any claim, and directly or indirectly, in words or in substance, qualified or

unqualified, that contain express or implied falsehoods.

77.   Legal-Sherpa.com has threatened Plaintiff LegalForce RAPC Worldwide's business directly by misleading consumers and unfairly competing with Plaintiffs for the keywords "trademark attorney", "trademark filing", "trademark registration" among hundreds of other keywords.   The conduct is unfair and unethical because Legal-Sherpa.com makes a number of false and misleading statements in its advertising copy.

78. As described above, Legal-Sherpa.com has made false and/or misleading statements of fact concerning the non-attorney nature of its services and products in its online advertising and promotion, while giving legal advice through non-attorneys and covertly hiding the identity of its owner attorney Hollander. Moreover, Legal-Sherpa.com had misled consumers by :

A.   Representing that customers can receive "Professional Trademark Filing" (**Exhibit Y**) while bidding on keywords including "brand name registration", "trademark filing", "trademark registration", and misdirecting users to their non-attorney guided trademark filing service.   **In fact, none of Legal-Sherpa.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.**

79.   Legal-Sherpa.com uses the search terms "trademark attorneys", "intellectual property attorney", "trademark filing", "trademark registration" to

redirect customers to Legal-Sherpa.com's false and misleading advertisements (**Exhibits O, T, and U**) and to disseminate such false and misleading advertisements in interstate commerce. As a result, Legal-Sherpa.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Federal Trade Commission Act.

80. Upon reason and belief, Legal-Sherpa.com's non-attorney, unlicensed trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

81. Legal-Sherpa.com's false and misleading advertisements have deceived a substantial segment of the audience exposed to it, or have the capacity for such deception, and have influenced, or are likely to influence, consumer purchasing decisions.

82. Legal-Sherpa.com sells, offers for sale, distributes, and/or advertises goods and services to consumers that directly compete with Plaintiffs' sales of their own services and products.

83. Legal-Sherpa.com's conduct demonstrates an intentional, willful, and malicious intent to deceive consumers and unfairly compete with Plaintiffs.

84. Legal-Sherpa.com's false and misleading advertisements have caused and, unless enjoined, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.   In addition, as a result of Legal-Sherpa.com's false and misleading advertisements, Plaintiffs have been injured, including but not limited to, decline in sales and market share, loss of goodwill, and additional losses and damages.  Furthermore, Legal-Sherpa.com has been unjustly enriched at the expense of Plaintiffs as a consequence of Legal-Sherpa.com's false and misleading advertising.  Accordingly, Plaintiffs are entitled to injunctive relief and to recover actual damages, enhanced profits and damages, costs, Legal-Sherpa.com's profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
CALIFORNIA UNFAIR COMPETITION IN VIOLATION OF
CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*
(Against all Defendants and DOES 1-50)

85. Plaintiffs incorporate herein by reference paragraphs **1-84** above.

86. Legal-Sherpa.com's false comparisons with Plaintiffs' attorney managed U.S. trademark service as being comparable to Legal-Sherpa.com's non-attorney service through misleading advertising, as alleged above, constitute unfair competition in violation of Section §17200 *et seq.* of the California Business and Professions Code.

87. Legal-Sherpa.com falsely represents that customers can "Professional Trademark Filing" while bidding on keywords including "brand name registration" when no licensed professional is involved (**Exhibit Y**). In fact, none of Legal-Sherpa.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.

88. Despite not being a law firm and despite not hiring any attorneys representing external clients, Legal-Sherpa.com purchases advertisements whenever consumers search terms related to the practice of trademark law "trademark attorneys", "attorney trademark", "intellectual property attorney" to intentionally deceive its customers into thinking that Legal-Sherpa.com processes are handled by licensed attorneys (**Exhibit O**).

89. Legal-Sherpa even goes on to further mislead by using words such as calling their service "expert trademark filing" (**Exhibit O**) and further representing that they are the "most professional, secure and Cost-Effective trademark filing service around" (**Exhibit Q**), all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**). Legal-Sherpa further boasts that "Professional trademark filing specialists" will answer their questions, when none of their staff have any professional licensure permitting them to file U.S. trademarks before the USPTO (**Exhibit Q**).

90.   Legal-Sherpa.com also bids on words  "trademark filing" (**Exhibit T**) and "trademark registration" (**Exhibit U**).  The advertising copy on the landing pages on which these ads link[10] is highly misleading, leading a consumer to believe that he or she will be represented by a professional and have a "hassle free process", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).    Legal-Sherpa.com een admits practicing law by non-attorneys on these landing page where they admit "LegalSherpa Review for Accuracy Common Errors and Completeness" in their basic  $65  package  (**Exhibit Q**).    Glaringly,  in  their  $99  package, Legal-Sherpa.com  eludes  to  assisting  with  the  preparation  of  fraudulent specimens[11] of use when they write that they will assist with "Digitalization and Formatting of Your Trademark Specimen and Designs." (**Exhibit Q**).

91. Moreover, Legal-Sherpa.com falsely implies that it has helped protect brands of famous companies such as LEGO, Amazon, Coca-Cola, Nike, Apple, McDonald's  and  others,  by  pasting  logos  of  these  brands  on  their www.legal-sherpa.com home page (**Exhibit C**) under a heading "Just Like Thousands  have  protected  their  brand  by  filing  a  trademark"  misleading potential customers into thinking that Legal-Sherpa.com had something to do

---

[10] https://www.legal-sherpa.com/trademarkoffer1/

[11] Conduct that ultimately led to the exclusion from practice of Matthew H. Swyers, as described in **Exhibit H**.

with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.

92. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. Legal-Sherpa.com boasts about eschewing these long standing client protections. While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, Legal-Sherpa.com's advertising copy is explicitly designed to wrongfully imply that avoiding conflict checks is a benefit to clients.

93. Legal-Sherpa.com uses "trademark" related search terms to redirect customers to Legal-Sherpa.com's false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce. As a result, Legal-Sherpa.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

94. Legal-Sherpa.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent

& Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

95. As a result of Legal-Sherpa.com's wrongful acts, Plaintiffs have suffered and will continue to suffer loss of hundreds of thousands of dollars of income, profits and valuable business opportunities and if not preliminarily or permanently enjoined, Legal-Sherpa.com will have unfairly derived and will continue to derive income, profits and business opportunities as a result of its wrongful acts.

96. Pursuant to California Business and Professions Code Section §17200 *et seq.*, Plaintiffs seek an order of this Court preliminarily and permanently enjoining Legal-Sherpa.com from continuing to engage in the unlawful, unfair and fraudulent acts or practices set forth herein, as well as compensatory damages and restitution.

## **THIRD CLAIM FOR RELIEF**

### CALIFORNIA FALSE & MISLEADING ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.* and § 17600 *ET SEQ.* (Against all Defendants and DOES 1-50)

97. Plaintiffs incorporate herein by reference paragraphs **1-96** above.

98. Legal-Sherpa.com falsely represents that customers can "Professional Trademark Filing" while bidding on keywords including "brand name registration" when no licensed professional is involved (**Exhibit Y**). In fact,

none of Legal-Sherpa.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.

99.  Despite not being a law firm and despite not hiring any attorneys representing external clients, Legal-Sherpa.com purchases advertisements whenever consumers search terms related to the practice of trademark law "trademark attorneys", "attorney trademark", "intellectual property attorney" to intentionally deceive its customers into thinking that Legal-Sherpa.com processes are handled by licensed attorneys (**Exhibit O**).

100.   Legal-Sherpa even goes on to further mislead by using words such as calling their service "expert trademark filing" (**Exhibit O**) and further representing that they are the "most professional, secure and Cost-Effective trademark filing service around" (**Exhibit Q**), all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**). Legal-Sherpa further boasts that "Professional trademark filing specialists" will answer their questions, when none of their staff have any professional licensure permitting them to file U.S. trademarks before the USPTO  (**Exhibit Q**).

101.   Legal-Sherpa.com also bids on words  "trademark filing" (**Exhibit T**) and "trademark registration" (**Exhibit U**).  The advertising copy on the landing pages on which these ads link[12] is highly misleading, leading a consumer to

[12] https://www.legal-sherpa.com/trademarkoffer1/

believe that he or she will be represented by a professional and have a "hassle free process", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).   Legal-Sherpa.com een admits practicing law by non-attorneys on these landing page where they admit "LegalSherpa Review for Accuracy Common Errors and Completeness" in their basic $65 package (**Exhibit Q**).   Glaringly, in their $99 package, Legal-Sherpa.com eludes to assisting with the preparation of fraudulent specimens[13] of use when they write that they will assist with "Digitalization and Formatting of Your Trademark Specimen and Designs." (**Exhibit Q**).

102.   Moreover, Legal-Sherpa.com falsely implies that it has helped protect brands of famous companies such as LEGO, Amazon, Coca-Cola, Nike, Apple, McDonald's and others, by pasting logos of these brands on their www.legal-sherpa.com home page (**Exhibit C**) under a heading "Just Like Thousands have protected their brand by filing a trademark" misleading potential customers into thinking that Legal-Sherpa.com had something to do with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.   Legal-Sherpa.com uses "trademark" related search terms to redirect customers to Legal-Sherpa.com's false and misleading advertisements and to disseminate such false and misleading advertisements in

---

[13] Conduct that ultimately led to the exclusion from practice of Matthew H. Swyers, as described in **Exhibit H**.

interstate commerce. As a result, Legal-Sherpa.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

103. Legal-Sherpa.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

104. Legal-Sherpa.com is not a law firm in the United States and is not authorized to practice law in any state. Legal-Sherpa.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

105. Legal-Sherpa.com has threatened Plaintiff LegalForce RAPC Worldwide's business directly by misleading consumers searching Google and Bing for "trademark attorney", "intellectual property attorney", "trademark filing" and "trademark registration" to non-attorney trademark landing pages. This creates unfair competition for Plaintiffs which file all trademarks of their clients before the USPTO with representation by licensed attorneys at LegalForce RAPC Worldwide's offices, in either California or Arizona. The

conduct is unfair and unethical because it misleads customers to selecting Legal-Sherpa.com's services instead of those of the Plaintiffs based on fraudulent premises.

106.   While using AdWords to trigger and disseminate the misleading advertisements herein alleged, Legal-Sherpa.com knew, or by the exercise of reasonable care should have known, that the advertisements were untrue and misleading and so acted in violation of Section §17500 of the Business and Professions Code.

107.   Legal-Sherpa.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the USPTO, and filing trademarks before the USPTO.

108.   Legal-Sherpa.com has been unjustly enriched through its false and misleading advertising.

109.   Plaintiffs have lost business caused by the false and misleading Legal-Sherpa.com advertisements as a result of at least one customer refusing to do business with Plaintiffs due to the fact that Legal-Sherpa.com advertisements falsely implying that Legal-Sherpa.com offers trademark filing services with the USPTO in an ethically compliant manner, upon reason and belief.

110.   Unless restrained by this court, Legal-Sherpa.com will continue with

its untrue and misleading advertising, as alleged above, in violation of Section §17500 of the Business and Professions Code and in violation of Section §17509 of the California Business and Professions Code, thus, tending to render judgment in the instant action ineffectual and will cause additional injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

111.   Pursuant to California Business and Professions Code Section §17500, Plaintiffs seek an order of this Court preliminarily and permanently enjoining Legal-Sherpa.com from continuing to engage in the false and misleading advertising set forth herein, as well as compensatory damages and restitution.

112.   Legal-Sherpa.com's business practices and acts, fully described above, constitute an unlawful practice of law and create false and misleading impressions on potential clients of Plaintiff LegalForce RAPC Worldwide.

113.   Legal-Sherpa.com's business model and acts, including but not limited to its website and false and misleading advertising, constitute unfair practices, intentionally aimed at getting ahead of any competitors with lawful business conduct such as that of the Plaintiffs. The acts alleged herein continue to present a threat to Plaintiffs and average consumers, especially the ones with limited resources.

114.   Legal-Sherpa.com's acts were, and are, likely to deceive an average consumer, and thus constitute unfair business practices as described herein.

115. Legal-Sherpa.com has engaged in unlawful, unfair and fraudulent business practices and damaged the public and Plaintiffs through the conduct alleged herein.

116. Plaintiffs are informed, believe, and thereupon allege that Legal-Sherpa.com's conduct as described herein was, and is, unlawful, unfair and/or fraudulent in violation of Section §17000 *et. sq.* of the California Business and Professions Code and has the potential to cause, and has in fact caused, confusion in the marketplace.

117. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Legal-Sherpa.com's unlawful acts unless enjoined by this Court.

118. The conduct herein complained of was extreme, outrageous, surreptitious, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.

119. Plaintiffs are entitled to an injunction restraining Legal-Sherpa.com, and all persons acting in concert with them, from engaging in such further acts of unfair competition, including:

i.     Enjoining non-lawyer assistants of Legal-Sherpa.com to recommend and advise on selection of classifications of goods and services for trademark applications sought to be filed with the USPTO directly to customers, modify

standard descriptions from the USPTO ID manual directly for customers and pay government fees on behalf of customers who are not represented by a lawyer.

ii.   Enjoining Legal-Sherpa.com from purchasing misleading advertising related to "trademark attorney", "intellectual property attorney", "trademark filing", "trademark registration", and related keywords for non-attorney trademark filing services offered by Legal-Sherpa.com with respect to U.S. trademark matters.

**FOURTH CLAIM FOR RELIEF**
PROFESSIONAL NEGLIGENCE
(Against Defendant Hollander, Hollander Law, P.C. and DOES 1-50)

120.   Plaintiffs incorporate herein by reference paragraphs **1-119** above.

121.   Legal-Sherpa.com is not a law firm in the United States and is not authorized to practice law in any state.

122.   In addition, upon reason and belief, Defendants owed a duty to Plaintiff Raj Abhyanker when they collected more than $350 in legal service and government fees from Plaintiff Raj Abhyanker without depositing the funds into an IOLTA trust account and conducting a conflict check against existing customers and adverse parties for the EVEREST CLAY REALTORS trademark in the Hollander Law, P.C. law firm or with customers of FileMy LLC.

123.   Defendants have breached that duty by purposefully delaying working on the Plaintiff Abhyanker's trademark and not answering emails about status updates.  Legal-Sherpa.com sent an email to Plaintiff Abhyanker on December

5, 2017 saying that "Please remember that our standard processing time is an average of three to five (3-5) Business Day processing time, unless you have expedited your order." (**Exhibit P**). Despite that, after eleven (11) days, more than double the "standard processing time", Plaintiff emailed Legal-Sherpa.com for an update. No response was received.

124. Then, more than two weeks after the Plaintiff Abhyanker placed the trademark filing request and no phone call or update, Legal-Sherpa.com admitted on a phone call that they had not even completed work on the Plaintiff's trademark application and refunded the Plaintiff Abhyanker his $358.99.

125. Moreover, Defendants breached their duty to Plaintiff Raj Abhyanker by not supervising non-lawyer assistants who said they would provide legal advice including classification selection, description of goods and services modification, search report preparation, and search report analysis for the federal trademark applications for EVEREST CLAY REALTORS.

126. In addition, Defendants and DOES 1-50, each of them owed a duty to Plaintiff Raj Abhyanker to act at all times to keep Plaintiff Raj Abhyanker informed about the progress of his trademark and answer emails in a timely manner. Defendants owed a duty to act in good faith and in Plaintiff Raj Abhyanker's best interests, and had a duty, among other things, to perform the

services for which their corporate entity Legal-Sherpa.com was retained with reasonable care and skill to prepare and file the EVEREST CLAY REALTORS trademark, to act in the Plaintiff Raj Abhyanker highest and best interests at all times, and to not expose Plaintiff Raj Abhyanker to unnecessary risk or peril.

127.   By delaying Plaintiff Abhyanker's mark without any explanation why the average window for review was not met despite affirmative requests for an update,  Defendants exposed Plaintiff Raj Abhyanker to risk or peril for their EVEREST CLAY REALTORS trademark as described by the USPTO web page titled "Proper representation in trademark matters" (**Exhibit A**), including but not limited to (1) delaying and prolonging in the trademark application process, potentially leading to abandonment of the EVEREST CLAY REALTORS application, and jeopardizing the validity of any resulting registration.

128.   Defendants each breached their neglected fiduciary duties to Plaintiff Raj Abhyanker by failing to properly supervise legal assistants, paid search specialists, and/or on-page marketing specialists in violation of 37 CFR §11.503 – Duty to supervise non-lawyers.   Specifically, Defendants each failed to supervise a non-practitioner assistant employed or retained by or associated with Legal-Sherpa.com while being responsible for conduct of such a person that would be a violation of the USPTO Rules of Professional Conduct if engaged in by a practitioner.

129.   At all times mentioned here, Defendants failed to exercise the required standard of care and by failing have jeopardized the validity of the Plaintiffs' EVEREST CLAY REALTORS trademark.

130.   Further, as a direct and proximate result of the negligence, omissions, and/or intentional acts of Defendants, Plaintiff Raj Abhyanker have sustained damages, among other things loss of time and other amounts which will be determined according to proof at trial.

### FIFTH CLAIM FOR RELIEF
BREACH OF FIDUCIARY DUTIES
(Against Defendant Hollander, Hollander Law, P.C. and DOES 1-50)

131.   Plaintiffs incorporate herein by reference paragraphs **1-130** above.

132.   Legal-Sherpa.com is not a law firm in the United States and is not authorized to practice law in any state.

133.   In addition, upon reason and belief, Defendants owed a fiduciary duty to Plaintiff Raj Abhyanker when they collected more than $350 in legal service and government fees from Plaintiff Raj Abhyanker without depositing the funds into an IOLTA trust account and conducting a conflict check against existing customers and adverse parties for the EVEREST CLAY REALTORS trademark in the Hollander Law, P.C. law firm or with customers of FileMy LLC.

134.   Defendants have breached that fiduciary duty by purposefully delaying working on the Plaintiff Abhyanker's trademark and not answering emails about

status updates. Legal-Sherpa.com sent an email to Plaintiff Abhyanker on December 5, 2017 saying that "Please remember that our standard processing time is an average of three to five (3-5) Business Day processing time, unless you have expedited your order." (**Exhibit P**). Despite that, after eleven (11) days, more than double the "standard processing time", Plaintiff emailed Legal-Sherpa.com for an update. No response was received.

135. Then, more than two weeks after the Plaintiff Abhyanker placed the trademark filing request and no phone call or update, Legal-Sherpa.com admitted on a phone call that they had not even completed work on the Plaintiff's trademark application and refunded the Plaintiff Abhyanker his $358.99.

136. Moreover, Defendants breached their fiduciary duty to Plaintiff Raj Abhyanker by not supervising non-lawyer assistants who said they would provide legal advice including classification selection, description of goods and services modification, search report preparation, and search report analysis for the federal trademark applications for EVEREST CLAY REALTORS.

137. In addition, Defendants and DOES 1-50, each of them owed a fiduciary duty to Plaintiff Raj Abhyanker to act at all times to keep Plaintiff Raj Abhyanker informed about the progress of his trademark and answer emails in a timely manner. Defendants owed a duty to act in good faith and in Plaintiff Raj

Abhyanker's best interests, and had a duty, among other things, to perform the services for which their corporate entity Legal-Sherpa.com was retained with reasonable care and skill to prepare and file the EVEREST CLAY REALTORS trademark, to act in the Plaintiff Raj Abhyanker highest and best interests at all times, and to not expose Plaintiff Raj Abhyanker to unnecessary risk or peril.

138.   By delaying Plaintiff Abhyanker's mark without any explanation why the average window for review was not met despite affirmative requests for an update,   Defendants exposed Plaintiff Raj Abhyanker to risk or peril for their EVEREST CLAY REALTORS trademark as described by the USPTO web page titled "Proper representation in trademark matters" (**Exhibit A**), including but not limited to (1) delaying and prolonging in the trademark application process, potentially leading to abandonment of the EVEREST CLAY REALTORS application, and jeopardizing the validity of any resulting registration.

139.   Defendants each breached their neglected fiduciary duties to Plaintiff Raj Abhyanker by failing to properly supervise legal assistants, paid search specialists, and/or on-page marketing specialists in violation of 37 CFR §11.503 – Duty to supervise non-lawyers.   Specifically, Defendants each failed to supervise a non-practitioner assistant employed or retained by or associated with Legal-Sherpa.com while being responsible for conduct of such a person that would be a violation of the USPTO Rules of Professional Conduct if engaged in

by a practitioner.

140.   At all times mentioned here, Defendants failed to exercise the required standard of care and by failing have jeopardized the validity of the Plaintiffs' EVEREST CLAY REALTORS trademark.

141.   Further, as a direct and proximate result of the negligence, omissions, and/or intentional acts of Defendants, Plaintiff Raj Abhyanker have sustained damages, among other things loss of time and other amounts which will be determined according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment as follows:

1.   Temporary and permanent injunctions as defined herein be entered in their favor and against all Defendants, and any company or entity in which Defendants have an ownership or beneficial interest, first temporarily and then permanently restraining and enjoining them, directly or indirectly, on their own or as a partner, or an employee from operating websites known as www.hollanderesq.com, www.legal-sherpa.com, and www.mylegalsherpa.com or any other website that attempts to offer any legal services requiring the practice of law including, but not limited to, U.S. trademark filing and prosecution services for office actions, statements of use, oppositions, trademark watch, renewal, opposition, and litigation services.

2.   From further acts of false and misleading advertising and unfair competition that would damage or injure Plaintiffs.

3.   The Court find Legal-Sherpa.com's acts of false and misleading advertising and unfair competition to be knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117 and California law.

4.   Restitution as allowed under applicable statutes.

5.   Compensatory damages in an amount believed to be in excess of two million dollars ($2,000,000) to be determined at trial.  Plaintiffs' damages are continuing each day as they are unable to compete fairly due to Defendants unlawful actions, and they will seek treble recovery of all additional damages they incur during the pendency of this lawsuit.

6.   Punitive damages in an amount to be determined at trial.

7.   Legal and equitable further relief as this court finds just and proper.

8.   Permanent exclusion from practice of law before the USPTO and the State of New York of Defendant Legal-Sherpa.com and its owner Liel Hollander.

9.   Order compelling the USPTO to follow its stated procedures for notification to affected applicants of an excluded marks for all trademarks in which government fees were paid by the excluded party (**Exhibit X**) including, but not limited notifications to the affected applicant or registrant that:

    i.   Legal-Sherpa.com is not entitled to practice before the USPTO in

trademark matters and, therefore, may not represent the applicant or registrant.

ii.   Any trademarks and documents filed by Legal-Sherpa.com are *void ab initio*, meaning they were invalid from the start of any action taken by the excluded party.

iii.   Legal-Sherpa.com may not sign checkboxes, pay government fees, prepare trademark applications, assist with responses to the USPTO's actions, authorize examiner's amendments or priority actions, conduct interviews with USPTO employees, or otherwise represent an applicant, registrant, or party to a proceeding before the USPTO.

iv. All correspondence concerning the application or registration will be sent to the domestic representative if one has been appointed, or, alternatively, and in most circumstances, to the applicant or registrant at his/her address of record.

10. Plaintiffs be awarded costs, prejudgment interest and attorneys' fees pursuant to 15 U.S. Code § 7706 of the Federal Trade Commission Act for exceptional case, and other applicable statutes.


Respectfully submitted this Wednesday December 27, 2017.

LEGALFORCE RAPC WORLDWIDE P.C.


/s/ Raj V. Abhyanker_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker

## **JURY TRIAL DEMAND**

Plaintiffs hereby request a jury trial for all causes of action alleged in this Complaint.


Respectfully submitted this Wednesday December 27, 2017.


LEGALFORCE RAPC WORLDWIDE P.C.


By   /s/ Raj V. Abhyanker_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker